**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jessey Lee Charles DECELLES,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**James Eric Case, Defendant–Appellant.**

**Nos. 07–30438, 07–30448.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2008.

Filed June 16, 2008.

Paulette L. Stewart, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

**614**

Michael Donahoe, Esq., Federal Defenders of Montana Helena Branch Office, Steven C. Haddon, Esq., Helena, MT, for Defendant–Appellant.

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and WRIGHT,* District Judge.

**MEMORANDUM ***

Jessey Lee Charles Decelles and James Eric Case pled guilty to the knowing possession of stolen firearms. *See* 18 U.S.C. § 922(j). At sentencing, the district court calculated their Guidelines ranges by applying an enhancement for possession of a firearm "in connection with another felony offense." *See* USSG § 2K2.1(b)(5) (Nov. 2005). They appeal and assert that the district court erred when it applied that enhancement. We agree and, therefore, vacate the sentences and remand.

■ (1) We agree with the district court's decision to apply the November 1, 2005, version of the Guidelines. *See* USSG § 2K2.1(b)(5) (Nov. 2005). However, we disagree with the district court's consideration of the application note first adopted in the November 1, 2006, version of the Guidelines regarding firearms found and

taken in a burglary[1] because it was substantive in nature. That is because it was not listed by the Commission as retroactive,[2] was not declared by the Commission to be clarifying,[3] and, while it may have resolved a circuit conflict, its negative consequences to defendants suggested that it was substantive.[4] Moreover, it changed the law of this circuit by imposing a per se rule regarding burglary that was contrary to our cases regarding the correct construction of § 2K2.1(b)(5). *See United States v. Valenzuela,* 495 F.3d 1127, 1134 (9th Cir.2007); *United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994). Therefore, Application Note 14(B) could not be applied in this case.

■ (2) The determinative issue here is whether the firearms in question were possessed in connection with the burglary, that is did they "facilitate"[5] the burglary or have "some potential to embolden the separate felonious conduct."[6] The evidence here does not support the district court's determination that the firearms did embolden Decelles or Case. The court failed to consider the individual facts and circumstances surrounding this particular burglary. That is contrary to the nuanced inquiry that we have required. *See Valenzuela,* 495 F.3d at 1134–35; *see also United States v. Jimison,* 493 F.3d 1148, 1149 n. 4 (9th Cir.2007). In other words, the mere raw fact that firearms were stolen by Decelles and Case in this burglary was not sufficient to support a finding that they

---

* The Honorable Otis D. Wright II, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. USSG § 2K2.1, comment. (n. 14(B)) (Nov. 2006) ("Application Note 14(B)").

2. *See* USSG § 1B1.10(c) (Nov. 2006); USSG supp. to app. C, Amendment 691 (Nov. 2006).

3. USSG supp. to app. C, Amendment 691 (Nov. 2006).

4. *See United States v. Rising Sun,* 522 F.3d 989, 997 (9th Cir.2008); *see also United States v. Sanders,* 67 F.3d 855, 857 (9th Cir.1995).

5. *Routon,* 25 F.3d at 819.

6. *Valenzuela,* 495 F.3d at 1133.

were emboldened and a decision that they were, therefore, required to suffer the consequences of the enhancement.

Thus, we must vacate the sentences and will remand for resentencing on an open record. *See United States v. Matthews,* 278 F.3d 880, 885 (9th Cir.2002) (en banc) (holding that in general "we will remand for resentencing on an open record—that is, without limitation on the evidence that the district court may consider").

VACATED and REMANDED.