**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joshua Kawuki MUWANGUZI,
Defendant–Appellant.**

No. 08–30234.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 6, 2009.

---

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elizabeth A. Horsman, Esquire, Ushe–Office of The U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Robert Henry Branom, Jr., Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Joshua Kawuki Muwanguzi appeals the 39–month sentence imposed following his guilty plea to fraud in connection with identification documents, in violation of 18 U.S.C. § 1028(a)(3), and aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1). Muwanguzi contends, and the government concedes, that the district court erred in making an upward adjustment under U.S.S.G. § 2L2.2(b)(3) when he never used or obtained a United States passport. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the district court's judgment.

In reviewing a sentence, we first consider whether the district court committed significant procedural error, including an incorrect Sentencing Guidelines determination. *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.) (en banc), *cert. denied,* — U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). We next consider whether, in light of the factors set forth in 18 U.S.C. § 3553(a), the district court abused its discretion by imposing a substantively unreasonable sentence. *Id.* We review the district court's interpretation of the Guidelines de novo, its application of the Guidelines to the facts for an abuse of discretion, and its factual findings for clear error. *United States v. Garro,* 517 F.3d 1163, 1167 (9th Cir.2008).

The Sentencing Guidelines provide for a four-level adjustment "[i]f the defendant fraudulently obtained or used . . . a United States passport." U.S.S.G. § 2L2.2(b)(3). "The term 'used' is to be construed broadly and includes the attempted renewal of previously-issued passports." U.S.S.G. § 2L2.2, comment. (n.3).

ed by 9th Cir. R. 36–3.

The record shows that Muwanguzi attempted fraudulently to obtain a United States passport in the name of another person. The district court concluded that an application for a new passport was similar to an attempt to renew a previously-issued passport, and that Muwanguzi's conduct therefore warranted the upward adjustment as to Count 1, fraud in connection with identification documents in violation of 18 U.S.C. § 1028(a)(3).

As the parties agree, the use of a passport is different from the attempt to obtain one. *See United States v. Valenzuela,* 495 F.3d 1127, 1133 (9th Cir.2007) (stating that the "plain meaning of unambiguous language in a guideline provision controls"). We therefore vacate the district court's judgment and remand for resentencing.

**VACATED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.