**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | No. 12-10324 |
|  | D.C. No. 4:11-cr-04125-CKJ-DTF-1 |
| v. |  |
| FACUNDO ACOSTA-CHAVEZ, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted
June 13, 2013—San Francisco, California

Filed August 14, 2013

Before: A. Wallace Tashima and Jay S. Bybee, Circuit
Judges, and Kimba M. Wood, Senior District Judge.[*]

Opinion by Judge Wood

---

[*] The Honorable Kimba M. Wood, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by
designation.

**SUMMARY**[**]

---

**Criminal Law**

The panel vacated a sentence and remanded for resentencing in a case in which the district court applied a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on the defendant's prior Illinois conviction for Aggravated Criminal Sexual Abuse.

The panel held that because the Illinois statute's definition of a minor is broader than that contained in its generic federal analogue, a violation of 720 Ill. Comp. Stat. 5/11-0.1 cannot qualify under the categorical approach as a "forcible sex offense" supporting a crime-of-violence enhancement under § 2L1.2(b)(1)(A)(ii). Applying *Descamps v. United States*, 133 S. Ct .2276 (2013), the panel held that because the age element in the Illinois statute is not divisible, the panel may not apply the modified categorical approach.

The panel held that the error was not harmless, and declined to remand the case to a different judge for resentencing.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

David W. Basham, Law Office of David W. Basham, Tucson, Arizona, for Defendant-Appellant.

Erica L. Seger, Assistant United States Attorney, United States Attorney's Office, Tucson, Arizona, for Plaintiff-Appellee.

**OPINION**

WOOD, Senior District Judge:

Facundo Acosta-Chavez appeals his thirty-month sentence of imprisonment for illegal reentry after deportation. Acosta-Chavez contends that the district court erred in deeming his 2005 Illinois conviction for Aggravated Criminal Sexual Abuse a "crime of violence" under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii), which mandates a sixteen-level enhancement of his Sentencing Guidelines level. Acosta-Chavez contends that the alleged error was not harmless. He also seeks remand to a different district judge for resentencing.

Applying the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), we conclude that the district court erred in holding Acosta-Chavez's crime to be a "crime of violence," an error that resulted from the district court's application of the modified categorical approach when it compared the elements of Acosta-Chavez's offense with the elements of its federal analogue. This error was not harmless. We vacate Acosta-

Chavez's sentence, and remand to the original district judge for resentencing.

## I

Following his 2005 guilty plea to Illinois Aggravated Criminal Sexual Abuse, Acosta-Chavez was removed from the country. He reentered illegally in 2011 and was arrested in Arizona. On December 14, 2011, Acosta-Chavez was indicted for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). On March 28, 2012, he pled guilty without a plea agreement.

At sentencing, the district court calculated the applicable United States Sentencing Guidelines ("Guidelines") range to be forty-six to fifty-seven months. The court based this determination on its conclusion that Acosta-Chavez's 2005 Illinois conviction qualified as a "crime of violence," resulting in a sixteen-level enhancement. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). The court held, however, that despite the seriousness of Acosta-Chavez's 2005 Illinois conviction, the forty-six to fifty-seven month Guidelines range "overstate[d] the nature of that particular conviction," making a below-Guidelines sentence more appropriate. After evaluating the statutory sentencing factors, the court imposed a sentence of thirty months imprisonment.

Acosta-Chavez's 2005 Illinois conviction arose from conduct that occurred in 2001. The Criminal Indictment, filed in Illinois state court, charged that on February 20, 2001, twenty-three year old Acosta-Chavez "knowingly committed an act of sexual conduct with [the victim], who was at least 13 years of age but under 17 years of age, in that [Acosta-Chavez] placed his hand on the breast of [the victim] and

[Acosta-Chavez] was at least five years older than [the victim]" in violation of chapter 720, section 5/12-16(d) of the Illinois Compiled Statutes.   This provision defines Aggravated Criminal Sexual Abuse as "an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 17 years of age and the accused was at least 5 years older than the victim."  720 Ill. Comp. Stat. 5/11-1.60.   Illinois law defines "sexual conduct" as "any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused . . . for the purpose of sexual gratification or arousal of the victim or the accused."  720 Ill. Comp. Stat. 5/11-0.1.[1]

On February 22, 2005, Acosta-Chavez, then age twenty-seven, appeared in Illinois state court for a change of plea hearing.[2]   At the hearing, Acosta-Chavez, represented by counsel, pled guilty to Aggravated Criminal Sexual Abuse, in violation of 720 Ill. Comp. Stat. 5/11-1.60(d).   Acosta-Chavez confirmed that he understood the nature of the charges and acknowledged that he had engaged in "physical conduct with a young girl."   The prosecutor provided the following factual basis for the plea:

> Judge, if witnesses were called and exhibits
> introduced, we would show that [the victim]

---

[1] At the time of Acosta-Chavez's conduct and indictment, sections 5/11-1.60(d) and 5/11.0.1, were numbered 5/12-16(d) and 5/12-12(e).

[2] After initially pleading not guilty, Acosta-Chavez failed to appear and a warrant was issued for his arrest.  On January 10, 2005, U.S. Border Patrol agents in Arizona detained Acosta-Chavez and extradited him to Illinois.

> was born on January 31, 1987; we would
> show [that Acosta-Chavez] was born on
> November 27, 1977. We would show that
> sometime around February 20, 2001, the
> Defendant knowingly placed his hands on the
> breasts of [the victim], and the Defendant was
> more than five (5) years older than [the
> victim] and he did this for purposes of sexual
> arousal of himself and [the victim].

Defense counsel agreed with this statement of facts. The Illinois court accepted this factual basis for the plea, concluded that the plea was knowing and voluntary, and imposed a sentence of three months imprisonment, to be followed by three years probation. Acosta-Chavez was subsequently removed from the country.

As noted, Acosta-Chavez was then re-arrested in 2011, leading to his instant conviction for illegal reentry.

## II

Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a defendant convicted of illegal reentry receives a sixteen-level sentencing enhancement if the defendant "previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." There is no dispute that Acosta-Chavez was previously deported. The Guidelines Commentary states that a "crime of violence" includes any of the following offenses under federal, state, or local law:

> Murder, manslaughter, kidnapping,
> aggravated assault, forcible sex offenses

> (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii) (2012); *see also United States v. Rodriguez-Guzman*, 506 F.3d 738, 741 (9th Cir. 2007).

The Government argued before the district court that Acosta-Chavez's Illinois crime constituted a "crime of violence" because it qualified as both "sexual abuse of a minor" and a "forcible sex offense." *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2012). Acosta-Chavez objected. The district court ultimately adopted the Government's view, finding that the offense was both sexual abuse of a minor and a forcible sex offense.

On appeal, however, the Government abandons its position that Acosta-Chavez's Illinois offense constitutes sexual abuse of a minor. Accordingly, the sole issue before this Court is whether Acosta-Chavez's Illinois offense should be deemed a forcible sex offense and therefore a "crime a violence." This Court reviews this question *de novo*. *United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009).

### III

### A

In order to determine whether a crime qualifies as a "crime of violence," courts apply the framework established in *Taylor v. United States*, 495 U.S. 575 (1990). *Taylor* established a "formal categorical approach," *id.* at 600, whereby sentencing courts "compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010) (internal quotation marks omitted). If the statute of conviction "sweeps more broadly than the generic crime, a conviction under that law cannot [categorically] count as [a qualifying] predicate, even if the defendant actually committed the offense in its generic form." *Descamps*, 133 S. Ct. at 2283.

Where the categorical approach is not determinative, the sentencing court may, in a "narrow range of cases," apply a "modified categorical approach." *See id.* at 2283 (discussing *Taylor*, 495 U.S. at 602). In *Descamps*, the Supreme Court clarified the proper application of the modified categorical approach.[3] Before a sentencing court may use this approach, it must first determine that the defendant was convicted of violating a "*divisible statute*." *Id.* at 2285 (emphasis added). A "divisible statute," the Court explained, is one that "sets out one or more elements of the offense in the alternative" or

---

[3] *Descamps* applies to this case because the Supreme Court issued its decision while this case was "pending on direct review." *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

"comprises multiple, alternative versions of the crime." *Id.* at 2281, 2284. The modified categorical approach may be used only when one of those alternatives is an element of the generic offense, and another is not. In these narrow circumstances, the sentencing court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. "The court can then do what the categorical approach demands: compare the elements of the crime of conviction . . . with the elements of the generic crime." *Id.*

**B**

In order to apply either approach, we must ascertain the generic federal definition of "forcible sex offense." Although we have never comprehensively defined this crime, we have instructed that the term should be defined with reference to its "ordinary, contemporary, and common meaning." *United States v. Bolanos-Hernandez*, 492 F.3d 1140, 1143–44 (9th Cir. 2007). The parties' arguments in this case focus on whether Acosta-Chavez's offense conduct qualifies as "forcible." The Government contends that sexual offenses involving minors are inherently forcible because minors cannot give "legally valid" consent. *See* U.S.S.G. § 2L1.2 App. n.1(B)(iii); *see also United States v. Gallegos-Galindo*, 704 F.3d 1269, 1272 (9th Cir. 2013). Acosta-Chavez counters that legally invalid consent based on the victim's age does not automatically render a sex offense forcible.

**C**

We need not decide that issue, however, because even assuming that sex offenses involving minors are inherently

forcible, we conclude that the age element contained in the Illinois statute under which Acosta-Chavez was convicted includes as minors, persons who are not minors under federal law, and does so in a way that is indivisible. Because of this, Acosta-Chavez's conviction cannot count as a forcible sex offense, "even if [he] actually committed the offense in its generic form." *Descamps*, 133 S. Ct. at 2283. We reach this conclusion under the categorical approach. We also conclude that the modified categorical approach is unavailable to us.

First, under the categorical approach,[4] we find that one element of the Illinois law—its definition of a minor—is broader than that contained in its generic federal analogue. *See Valencia-Barragan*, 608 F.3d at 1107. The Illinois statute designates as minors those who are "at least 13 years of age but under *17* years of age," 720 Ill. Comp. Stat. 5/11-1.60 (emphasis added), whereas the federal definition of a minor is someone under sixteen years of age, *see United States v. Gonzalez-Aparicio*, 663 F.3d 419, 432 (9th Cir. 2011); *see also Rodriguez-Guzman*, 506 F.3d at 743–46 (examining a variety of sources, including the Model Penal Code, state statutes, and federal statutes to determine "that the term 'minor' in the context of a statutory rape law means a person under sixteen years of age"). The crime as defined in Illinois thus "sweeps more broadly than the generic crime,"

---

[4] Although the Government's arguments on appeal focus on the modified categorical approach, it is appropriate for us to begin with a discussion of the categorical approach given that "the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute." *Descamps*, 133 S. Ct. at 2285; *see also Gallegos-Galindo*, 704 F.3d at 1273 (noting this Court may reach the question of whether a crime is categorically a "cime of violence" although the Government does not address the point).

*Descamps*, 133 S. Ct. at 2283, and cannot qualify categorically as a forcible sex offense.

With the categorical approach unavailing, the Government asks us to resort to the modified categorical approach. Applying the Supreme Court's instruction in *Descamps*, however, we conclude that the age element contained in the relevant Illinois statute is not divisible, and, thus, we may not apply the modified categorical approach.

The Illinois statute's age element is stated as a range—"at least 13 years of age but under 17 years of age." 720 Ill. Comp. Stat. 5/11-1.60. The statutory language is therefore not written in a manner that defines this element "alternatively, with one statutory phrase corresponding to the generic crime and another not."**[5]** *Descamps*, 133 S. Ct. at 2286. Although the statute "implies" a sequence of ages, the *Descamps* Court expressly prohibited sentencing courts from "hypothetically reconceiv[ing] such a statute in divisible terms." *Id.* at 2290. The Supreme Court clearly stated that divisibility exists only when an element of the crime of conviction contains alternatives, one of which is an element of its federal analogue. *Id.* at 2283–84. The Illinois statute at issue in this case does not meet this criterion, and we thus may not resort to the modified categorical approach.

Acosta-Chavez's prior conviction therefore does not qualify as a forcible sex offense. Accordingly, we conclude that the district court erred in applying the "crime of violence" enhancement.

---

**[5]** If, for example, the statute defined a minor as a person "14, 15, 16, or 17 years of age," the statute's age element would be divisible.

**IV**

Having concluded that the District Court erred in applying the sixteen-level "crime of violence" enhancement, we must next consider the Government's argument that this error was harmless.

"A district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence." *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011). Although a district court commits procedural error by miscalculating the applicable Guidelines range, *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), such errors may be harmless, *United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010). The burden is on the Government to establish that such an error was harmless. *United States v. Beng-Salazar*, 452 F.3d 1088, 1096 (9th Cir. 2006).

In this case, the Government contends that the district court's statements at sentencing render any error harmless. Although the district court calculated the enhanced Guidelines range to be forty-six to fifty-seven months, the court found that this "range overstate[d] the nature of that particular conviction," warranting a below-Guidelines sentence of thirty months. After imposing the sentence, the district court stated that it would have imposed the same sentence even had it found the correct (unenhanced) Guidelines range to be eight to fourteen months. The district court stated that a sentence within the unenhanced Guidelines range "would not sufficiently address the statutory factors of sentencing, particularly given the nature of the prior

conviction, the fact that it's a sex crime involving a minor child."

The Government has not met its burden of demonstrating that the district court's incorrect application of the "crime of violence" enhancement was harmless. We have clearly stated that a district judge's "mere statement that it would impose the same above-Guidelines sentence no matter what the correct calculation cannot, without more, insulate the sentence from remand." *Munoz-Camarena*, 631 F.3d at 1031. Importantly, "[t]he court must explain, among other things, the reason for the *extent* of a variance. The extent necessarily is different when the range is different, so a one-size-fits-all explanation ordinarily does not suffice." *Id.* (citing *Carty*, 520 F.3d at 991–92).

The district court's alternative explanation in this case does not explain the "extent" of the variance from the nonenhanced Guidelines range. Rather, the district court simply stated that a thirty-month sentence "adequately and fairly addresses all of the statutory factors of sentencing." These statements do not render the district court's erroneous imposition of a sixteen-level sentencing enhancement harmless. *See United States v. Leal-Vega*, 680 F.3d 1160, 1169–70 (9th Cir. 2012).

## V

Finally, Acosta-Chavez requests remand to a different sentencing judge because the original district judge stated that she would impose the same thirty-month sentence even absent the "crime of violence" enhancement. We decline to do so.

This Court's "general rule" is that "[a]bsent unusual circumstances, resentencing is to be done by the original sentencing judge." *United States v. Waknine*, 543 F.3d 546, 560 (9th Cir. 2008) (internal quotation marks omitted). Absent any allegations of bias, we consider the following three factors in determining whether "unusual circumstances" exist:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving appearance of fairness.

*United States v. Quach*, 302 F.3d 1096, 1103 (9th Cir. 2002) (quoting *United States v. Mikaelian*, 168 F.3d 380, 387, *amended*, 180 F.3d 1091 (9th Cir. 1999)). Acosta-Chavez relies on the second factor, contending that reassignment is advisable to preserve the appearance of justice.

We see no reason to depart from our general rule in this case. When the district court sentenced Acosta-Chavez, it did so in accordance with then-applicable Ninth Circuit law concerning the proper application of the modified categorical approach. Well after the district court issued its sentence, the Supreme Court decided *Descamps*, which specifically disapproved of this Circuit's use of the modified categorical approach. *See Descamps*, 133 S. Ct. at 2286–91. Under

these circumstances, there is no reason to believe that the capable district court judge will not follow the law on remand.  Accordingly, we decline to exercise our discretion to reassign this matter.

## VI

The district court erred in applying the modified categorical approach to determine that Acosta-Chavez's Illinois conviction qualifies as a "crime of violence."  This error was not harmless.

**REVERSED and REMANDED.**