**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>KEVIN FALCON,<br><br>        Defendant - Appellant. | No. 13-30028<br><br>D.C. 4:09 cr-0118- SEH<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted December 12, 2013
San Francisco, California

Before:    REINHARDT, TASHIMA, and MURGUIA, Circuit Judges.

For the third time, Defendant Kevin Falcon appeals the sentencing court's imposition of a 110-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). For the third time, we vacate this sentence and remand for resentencing.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review de novo whether a conviction constitutes a crime of violence. *United States v. Acosta-Chavez*, 727 F.3d 903, 907 (9th Cir. 2013). When a party challenges the substantive reasonableness of a sentence on appeal, we review the sentence for procedural error even when no claim of procedural error is raised. *United States v. Evans-Martinez*, 611 F.3d 635, 639 (9th Cir. 2010). We review unpreserved procedural errors for error, that is plain, that affects substantial rights, and that seriously affects the integrity of the judicial proceeding. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc).

1. The sentencing court erred in calculating Falcon's base offense level under U.S.S.G. § 2K2.1(a)(4)(A) (2012). Falcon's statute of conviction, Wash. Rev. Code § 26.50.110(4), is categorically overbroad. *United States v. Pimentel-Flores*, 339 F.3d 959, 969 (9th Cir. 2003). Even if the statute were divisible, Falcon was not convicted of the version of the crime that would qualify as a crime of violence under the modified categorical approach. Thus, under *Descamps v. United States*, 133 S. Ct. 2276 (2013), Falcon's base offense level is **14** and not **20**. *See* U.S.S.G. § 2K2.1(a)(6). A base offense level of **14** must be applied in this case.

2. The sentencing court plainly erred in enhancing Falcon's specific offense characteristics under U.S.S.G. § 2K2.1(b)(6)(B) based on Falcon's

2

possession of a firearm in connection with the sale of a stolen firearm. Under *United States v. Valenzuela*, 495 F.3d 1127 (9th Cir. 2007), sale of a stolen firearm "is a firearms trafficking or possession offense" that "cannot be used" as a basis for the enhancement. *Id.* at 1134. The parties agree that *Valenzuela*'s holding is unaffected by the Sentencing Commission's amendment to the commentary in U.S.S.G. app. C amend. 691 (Supp. 2006). Accepting that agreement for purposes of this case, we must hold that the sentencing court erred in its application of U.S.S.G. § 2K2.1(b)(6)(B), and that its error was plain and affected substantial rights and the very integrity of the judicial proceeding. *See United States v. Armstead*, 552 F.3d 769, 785 (9th Cir. 2008). This **4** level enhancement cannot be applied in this case.

3.      Because there have already been three opportunities for "a full inquiry into the factual question at issue," we need not remand again on an open record to allow the sentencing court to "fully consider the relevant factual issue." *United States v. Matthews*, 278 F.3d 880, 886, 888 (9th Cir. 2002) (en banc). We therefore remand for resentencing on the existing record. *See United States v. Espinoza-Morales*, 621 F.3d 1141, 1152 (9th Cir. 2010). This panel retains jurisdiction over any future appeal.

**VACATED and REMANDED.**