**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10072 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-08216-NVW |
| v. | |
| DEVONTE LEE SILAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Devonte Lee Silas appeals from the district court's judgment and challenges the 43-month sentence imposed following his guilty-plea conviction for sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246(2)(D). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Silas contends, and the government concedes, that remand is warranted because the district court imposed the sentence for the purpose of rehabilitation. We agree with the parties that the court improperly considered Silas's need for rehabilitative services, including sex offender treatment, when it imposed the sentence. Therefore, we vacate and remand for resentencing. *See Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011) (sentencing courts are precluded "from imposing or lengthening a prison term to promote an offender's rehabilitation").

In light of this disposition, we decline to consider Silas's remaining claims.

Finding no unusual circumstances, we decline to reassign this case to a different judge on remand. *See United States v. Acosta-Chavez*, 727 F.3d 903, 910 (9th Cir. 2013) (absent unusual circumstances, resentencing is to be done by the original sentencing judge).

**VACATED and REMANDED.**