NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10055 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00323-GMN-NJK-1 |
| v. | |
| JOSEPH DARYL YOUNG, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted March 15, 2018
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,** Senior District Judge.

Joseph Young was convicted of possessing a firearm after previously being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). On appeal, Young challenges his 57-month sentence. He argues that the district court improperly

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

applied two sentencing enhancements by treating as crimes of violence Young's

prior convictions under Nevada state law for coercion and manslaughter.  Although

the government did not argue that any such errors were harmless in its answering

brief, we conclude *sua sponte* that, even if Young were correct that neither of these

prior convictions qualified as a crime of violence under the United States

Sentencing Guidelines ("Guidelines"), this is one of "those unusual cases in which

the harmlessness of any error is clear beyond serious debate and further

proceedings are certain to replicate the original result," *United States v. Gonzalez-*

*Flores*, 418 F.3d 1093, 1100 (9th Cir. 2005).  We therefore affirm.[1]

Under *United States v. Munoz-Camarena*, 631 F.3d 1028 (9th Cir. 2011), a

miscalculation of the Guidelines range may be harmless if, for example, the district

court "acknowledges that the correct Guidelines range is in dispute and performs

[its] sentencing analysis twice, beginning with both the correct and incorrect

range." *Id.* at 1030 n.5.  That is what the district court did here.

The district court opened sentencing by noting Young's base offense level

both with and without the two crime-of-violence enhancements and chronicling

---

[1]  We also **GRANT** Young's request, Dkt. 35, to take judicial notice of several sentencing proceedings held in U.S. District Court for the District of Nevada.

Young's criminal history.[2]  Next, the district calculated the Guidelines range with and without the two crime-of-violence enhancements.[3]  The parties then provided extensive argument about whether the enhancements should apply and how Young's particular characteristics should affect his sentence.

The district court ultimately applied the enhancements and imposed a sentence at the low end of the resulting Guidelines range.  The district court added that "either way we calculate [the Guidelines range] . . . a five-year sentence is about right."  The government then took the extra step of asking for a specific finding that the district court "would have used [its] discretion to either depart upward or vary under [18 U.S.C. §] 3553 to impose a 57-month sentence" if the lower Guidelines range had applied instead.  The district court reiterated that it would have done so.

---

[2]  The district court observed that this history included, among other things, a conviction for disorderly conduct based on a dispute "about money owed for methamphetamine" in which Young pointed a gun at another person and said, "I'm going to kill you."

[3]  By performing an alternative calculation of the Guidelines range before imposing sentence, the district court made clear that the correct Guidelines range was "kept in mind throughout the process," *Munoz-Camarena*, 631 F.3d at 1030 (quoting *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc)).  This case is therefore unlike *United States v. Acosta-Chavez*, 727 F.3d 903 (9th Cir. 2013), where the district court performed an alternative calculation of the Guidelines range only "[a]fter imposing the sentence," *id.* at 909.

On this record, the district court clearly conveyed that it would have given Young the same sentence with or without the crime-of-violence enhancements, and the court kept in mind throughout the sentencing process the two potentially applicable Guidelines ranges. We are therefore entirely confident that any error in deciding whether the prior convictions constituted crimes of violence—and, correspondingly, in calculating the Guidelines range—was harmless.[4]

For similar reasons, any other unpreserved error at sentencing did not affect Young's substantial rights and, accordingly, would not warrant reversal under plain error review. *See United States v. Waknine*, 543 F.3d 546, 553 (9th Cir. 2008).

**AFFIRMED**.

---

[4] This conclusion holds true under both the 2015 and 2016 versions of the Guidelines. We therefore express no view about which version should have applied at Young's sentencing.