**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee*,

v.

JULIO CESAR ARRIAGA HERNANDEZ,
AKA Julio Cesar Arriaga, AKA
Julio Cesar Hernandez Arriaga,
AKA Jose Julio Hernandez, AKA
Julio Cesar Hernandez,
            *Defendant-Appellant*.

No. 13-50632

D.C. No.
8:13-cr-00058-
JLS-1

OPINION

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted October 10, 2014[*]
Pasadena, California

Filed October 20, 2014

Before: Harry Pregerson, Richard C. Tallman,
and Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The panel reversed a sentence and remanded for resentencing in an illegal-reentry case in which the district court enhanced the sentence pursuant to 8 U.S.C. § 1326(b)(2) after finding that the defendant's prior conviction for being a felon in possession of a firearm under California Penal Code § 12021(a)(1) (2003) qualified as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C).

The panel held that the analysis applied in the immigration context in *United States v. Aguilera-Rios*, No. 12-50597, 2014 WL 4800292 (9th Cir. Sept. 29, 2014) (holding that California's felon-in-possession-of-a-firearm statute, which does not include an antique-firearm exception, is not a categorical match for the federal firearms offense), applies in the sentencing context. The panel observed that California does prosecute cases involving antique firearms under § 12021(a)(1), and held that the modified categorical approach is inapplicable because the definition of a firearm in the California Penal Code is not divisible. The panel concluded that the district court therefore erred in applying the enhancement.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Sean K. Kennedy, Federal Public Defender; James H. Locklin, Deputy Federal Public Defender, Los Angeles, California, for Defendant-Appellant.

André Birotte Jr., United States Attorney; Robert E. Dugdale, Assistant United States Attorney Chief, Criminal Division; Joshua M. Robbins, Assistant United States Attorney, Santa Ana, California, for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

Julio Cesar Arriaga-Hernandez ("Hernandez") appeals the 33-month sentence imposed following his guilty-plea conviction for illegal reentry under 8 U.S.C. § 1326(a) (2012). The sentencing judge enhanced Hernandez's sentence under 8 U.S.C. § 1326(b)(2) after finding that Hernandez's prior California conviction for being a felon in possession of a firearm qualified as an aggravated felony. We have jurisdiction over the district court's final judgment under 28 U.S.C. § 1291 (2012). The district court did not have the benefit of our recent decision in *United States v. Aguilera-Rios*, ___ F.3d ___, No. 12-50597, 2014 WL 4800292 (9th Cir. Sept. 29, 2014). There we held, in the immigration context, that California's felon in possession of a firearm statute is not a categorical match for the federal firearms offense. *Id.* at *9. We now hold that the same analysis applies in the sentencing context. As a result, we reverse Hernandez's sentence and remand the case for re-sentencing.

Hernandez came to the United States as an illegal alien in 1982, when he was two months old.  He has lived in California for most of his life, and he lived there with his girlfriend and young daughter prior to his incarceration.  In the past twelve years, Hernandez has been deported six times. Following each deportation Hernandez has returned to the United States.  Hernandez has had several additional run-ins with the law in his life.  Most significantly, in 2003 Hernandez pleaded guilty to being a felon in possession of a firearm in violation of California Penal Code § 12021(a)(1) (2003).

Hernandez was again deported in December 2012, but by January 2013 he had returned to the United States.  Shortly after his return he was arrested in Orange County and indicted in federal court for violating 8 U.S.C. § 1326(a), (b)(2) (for being an illegal alien found in the United States following deportation).  Hernandez pleaded guilty to the charge, and the case proceeded to sentencing.

At sentencing, the district court relied on Hernandez's 2003 felon in possession of a firearm conviction as a predicate for imposing an eight-level sentencing enhancement under section 2L1.2(b)(1)(C) of the United States Sentencing Guidelines ("If the defendant previously was deported, or unlawfully remained in the United States, after . . . (C) a conviction for an aggravated felony, increase by 8 levels. . . .").  Based on this and other factors, the court sentenced Hernandez to 33 months imprisonment. Hernandez objected to the court's imposition of the eight-level enhancement, and he appeals application of that enhancement here.

Hernandez argues that his prior conviction under California Penal Code § 12021(a)(1) (2003) (California's then-felon in possession of a firearm statute) does not qualify as an aggravated felony warranting an eight-level sentencing enhancement under section 2L1.2(b)(1)(C) of the Sentencing Guidelines. Although he concedes that he was convicted in California as a felon in possession of a firearm, he argues that because California's statute does not exclude antique firearms, the crime of felon in possession of a firearm under state law is categorically overbroad when compared with the crime of felon in possession of a firearm under federal law, *see* 18 U.S.C. § 922(g)(1), which does exclude antique firearms, *see* 18 U.S.C. § 921(a)(3).

The federal sentencing guidelines permit courts to base sentencing enhancements on state convictions as long as the relevant state statute is a "categorical match" with the generic federal definition. *See Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143 (1998) (applying the categorical approach to sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000 ed. and Supp. IV)); *United States v. Acosta-Chavez*, 727 F.3d 903, 905 (9th Cir. 2013) (applying the categorical analysis to section 2L1.2(b)(1)). A state statute is a categorical match to the generic federal statute if it proscribes the same amount of or less conduct than the federal statute. *Taylor*, 495 U.S. at 588–89; *see also Aguilera-Rios*, 2014 WL 4800292, at *6–7 (citing *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1686–87 (2013)). "If the statute of conviction 'sweeps more broadly than the generic crime, a conviction under that law cannot [categorically] count as [a qualifying] predicate, even if the defendant actually committed the offense in its generic form.'" *Acosta-Chavez*, 727 F.3d at 907 (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)). There is one exception to this rule:

Even if a state statute sweeps more broadly than a federal statute, the two can be a categorical match if there is no "realistic probability . . . that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193, 127 S. Ct. 815 (2007).

Hernandez is correct that the California felon in possession statute sweeps more broadly than its federal counterpart. Section 2L1.2(b)(1)(C) of the Sentencing Guidelines directs the sentencing court to apply an eight-level enhancement if the previously-deported defendant remained in the United States after "a conviction for an aggravated felony." An aggravated felony includes being a felon in possession of a "firearm." U.S.S.G. § 2L1.2(b)(1)(C) cmt. 3(A); 8 U.S.C. § 1101(a)(43) (defining "aggravated felony"); 18 U.S.C. § 922(g)(1). The federal government defines "firearm" as "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive . . . ." 18 U.S.C. § 921(a)(3). It excludes from this definition antique firearms. *Id.* ("Such term does not include an antique firearm."). California's definition of a firearm does not exclude antique firearms. *See* Cal. Penal Code § 12021(a)(1).

The district court noted this discrepancy during sentencing, but concluded that it was irrelevant because the federal antique firearm exception is an affirmative defense, and affirmative defenses are inapplicable to the categorical analysis. This conclusion is no longer valid in light of recent Ninth Circuit case law. We recently concluded that the Supreme Court's decision in *Moncrieffe*, 133 S. Ct. 1678, retroactively overruled the portion of *Gil v. Holder*, 651 F.3d 1000, 1005–06 (9th Cir. 2011), which held that the antique

firearms exception is an affirmative defense that need not be considered in a categorical analysis. *Aguilera-Rios*, 2014 WL 4800292, at \*6. Under *Aguilera-Rios*, California Penal Code § 12021(a)(1) is not a categorical match to 18 U.S.C. §§ 921, 922. Thus, a conviction under section 12021(a)(1) cannot serve as a predicate for the section 2L1.2(b)(1)(C) eight-level enhancement unless there is no "realistic probability" that California would prosecute people for possession of an antique firearm. *See Duenas-Alvarez*, 549 U.S. at 193.

Contrary to the government's argument, California does in fact prosecute cases involving antique firearms under California Penal Code § 12021(a)(1). *See People v. Charlton*, No. A122842, 2011 WL 1492529, at \*1, \*4 (Cal. Ct. App. Apr. 19, 2011) (affirming conviction under California Penal Code § 12021(a)(1) for possession of replica muzzle-loading pistol); *People v. Servin*, No. E047394, 2010 WL 1619298, at \*1 (Cal. Ct. App. Apr. 22, 2010) (affirming conviction under California Penal Code § 12021(a)(1) for "family heirloom" replica single-shot muzzle-loading rifle incapable of using modern ammunition); *People v. Cushman*, No. C044129, 2005 WL 300024, at \*1 (Cal. Ct. App. Feb. 9, 2005) (affirming conviction under California Penal Code § 12021(a)(1) for possession of black powder, muzzle-loading firearms); *see also Aguilera-Rios*, 2014 WL 4800292, at \*7 (citing these cases among others to conclude that California actually prosecutes people for possessing antique firearms under California Penal Code § 12021(a)(1)). These prosecutions meet the "realistic probability" standard of *Duenas-Alvarez*, 549 U.S. at 193. *Aguilera-Rios*, 2014 WL 4800292, at \*7.

Finally, the definition of a firearm in the California Penal Code is not divisible. Thus, as the Supreme Court made clear

in *Descamps*, 133 S. Ct. 2276, the modified categorical approach is inapplicable. *Id.* at 2283–86.

Because the state felon in possession of a firearm statute under which Hernandez was convicted criminalizes more conduct than the federal felon in possession of a firearm statute, there is no categorical match. *See Aguilera-Rios*, 2014 WL 4800292, at \*9. Without the benefit of our recent precedent, the district court erred in applying the eight-level enhancement, and we remand Hernandez's case for re-sentencing. Because Hernandez is entitled to relief, we do not address his other arguments as to why his conviction does not qualify as an aggravated felony.

**REVERSED AND REMANDED.**