**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALBERTO MUNIZ-ALVARADO, AKA Jose Alvarado Muniz, AKA Jose Alvarado-Muniz, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71455 <br><br> Agency No. A078-063-903 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 8, 2015
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and DONATO,** District Judge.

Jose Alberto Muniz-Alvarado petitions for review of a Board of Immigration

Appeals' (BIA) order affirming an immigration judge's decision ordering him

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James Donato, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

removed to Mexico and denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

As a threshold matter, Respondent urges us to remand this case for the BIA to determine in the first instance whether Petitioner is still removable under our intervening case law. We deny Respondent's motion to remand, because this case presents purely legal issues that we review de novo and that do not invoke the agency's expertise. *See Fregozo v. Holder*, 576 F.3d 1030, 1036 (9th Cir. 2009).

Where, as here, the BIA reviewed de novo the IJ's decision, our review is limited to the decision of the BIA. *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1011 (9th Cir. 2006). The BIA concluded that Petitioner was removable based on his conviction under former California Penal Code ("CPC") § 12021(a)(1) [unauthorized firearm possession by a convicted felon]. Relying on our then-existing precedent, the BIA found that Petitioner's conviction under former CPC § 12021(a)(1) was categorically an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii),

and a firearms offense, *id.* § 1227(a)(2)(C).[1]  However, our intervening case law makes clear that a conviction under former CPC § 12021(a)(1) is categorically not an aggravated felony nor a firearms offense, because the statute's definition of "firearm" is broader than the federal definition, which excludes antique firearms. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1117 (9th Cir. 2014); *United States v. Hernandez*, 769 F.3d 1059, 1063 (9th Cir. 2014) (per curiam).  Moreover, because the CPC's definition of "firearm" is indivisible, we do not remand for the agency to conduct the modified categorical approach.  *See Hernandez*, 769 F.3d at 1063.

In light of our disposition, we do not reach Petitioner's argument that he is eligible for cancellation of removal.

Muniz-Alvarado's petition for review is **GRANTED**, and his removal order **VACATED** without remand for further administrative proceedings.

---

[1] To the extent the BIA found Petitioner removable because his conviction under either CPC § 12021(a)(1) or CPC § 246 [shooting at an inhabited dwelling] was categorically a firearms offense, it sustained the additional charge the government filed against Petitioner in an I-261 on April 2, 2012.  However, this I-261 failed to list the conviction or convictions upon which it relied.  It therefore failed to specify "[t]he acts or conduct alleged to be in violation of law."  8 U.S.C. § 1229(a)(1)(C); 8 C.F.R. § 1003.15(b)(3); *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006).  A criminal "conviction cannot sustain [a] removal order [if] it was not alleged in the NTA."  *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1107 (9th Cir. 2006).