**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| OSCAR BELTRAN, | No. 13-70779 |
| Petitioner, | Agency No. A088-450-582 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015 **

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

On September 23, 2015, the court granted respondent's unopposed motion to stay proceedings. On October 13, 2015, respondent informed the court that Oscar Beltran is not a candidate for prosecutorial discretion, and requested that this case move forward. The stay of proceedings is hereby lifted.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Beltran, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing Beltran's appeal from an immigration judge's decision denying his application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Beltran's voluntary departure claim, because he requests reconsideration of the agency's discretionary moral character determination. *See Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011) (overruling on other grounds recognized by *U.S. v. Hernandez*, 769 F.3d 1059 (9th Cir. 2014)) (court lacked jurisdiction to review the agency's discretionary denial of voluntary departure).

We lack jurisdiction to review the agency's finding that Beltran failed to show changed circumstance because this determination is based on a disputed fact. *See Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011) (court may review "the

agency's application of the changed ... circumstances exception to undisputed facts") (internal citations omitted).

As to withholding of removal, substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Beltran's asylum application, declaration, and testimony, and his evasive testimony regarding his prior arrests. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (adverse credibility determination was reasonable under the totality of the circumstances). In the absence of credible testimony, Beltran's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Beltran's CAT claim is based on the same testimony the agency found not credible and the record does not otherwise compel the conclusion that it is more likely than not he will be tortured if returned to Guatemala, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**