**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELISIO ATENIA LORENZO,

               Petitioner,

  v.

MATTHEW G. WHITAKER, Acting
Attorney General,

               Respondent.

No.   15-70814

Agency No. A038-467-916

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2018
Pasadena, California

Before: THOMAS, Chief Judge, and FISHER and BEA, Circuit Judges.[**]

    Elisio Atenia Lorenzo petitions for review of the decision of the Board of

Immigration Appeals (BIA) denying his motion to terminate his removal

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    This case was submitted to a panel that included Judge Stephen Reinhardt. Following Judge Reinhardt's death, Judge Bea was drawn by lot to replace him. Ninth Circuit General Order 3.2h. Judge Bea has reviewed all case materials.

proceedings and ordering him removed.  We have jurisdiction under 8 U.S.C. §

1252, and – on the record before us in this case – we grant the petition and

remand.[1]

I

In 2013, Lorenzo pled nolo contendere to possession of methamphetamine,

in violation of California Health and Safety Code § 11378, and transportation of

methamphetamine, in violation of California Health and Safety Code § 11379(a).

The record of conviction does not identify the type of methamphetamine involved,

and, under California law, "methamphetamine" is broadly defined to include

"[m]ethamphetamine, its salts, isomers, and salts of its isomers."  *Id.* §

11055(d)(2).  Health and Safety Code § 11033, in turn, provides that the term

"isomer," unless otherwise defined, "includes optical and geometrical

(diastereomeric) isomers."

The Department of Homeland Security initiated removal proceedings against

Lorenzo based on his 2013 state convictions.  The notice to appear charged

Lorenzo with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), on the ground that

his § 11379(a) conviction constituted an aggravated felony under 8 U.S.C. §

1101(a)(43)(B).  Alternatively, and as relevant here, the notice to appear charged

---

[1]    We also deny the government's petition for panel rehearing and
motion for judicial notice for the reasons discussed below.

Lorenzo with removability under 8 U.S.C. § 1227(a)(2)(B)(i), on the ground that his §§ 11378 and 11379(a) convictions constituted violations of state law "relating to a controlled substance."

Lorenzo moved to terminate removal proceedings, contending his methamphetamine convictions did not necessarily involve a controlled substance as defined by federal law. Specifically, he argued the definition of methamphetamine under California law is broader than the definition of methamphetamine under the federal Controlled Substances Act (CSA), because the CSA's definition includes only optical isomers of methamphetamine, whereas California law includes both optical and geometric isomers of methamphetamine.

An immigration judge (IJ) denied Lorenzo's motion and ordered him removed, concluding that Lorenzo's convictions qualified as controlled substance offenses under 8 U.S.C. § 1227(a)(2)(B)(i). The BIA adopted and affirmed the IJ's decision under *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), while also providing its own analysis. Lorenzo timely petitioned for review.

II

We review the BIA's determination of purely legal questions de novo, *see Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), including whether a particular conviction under state law is a removable offense, *see Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1130 (9th Cir. 2016), and whether a

3

statute is divisible, *see United States v. Martinez-Lopez*, 864 F.3d 1034, 1039-40 (9th Cir. 2017) (en banc) (citing *Almanza-Arenas v. Lynch*, 815 F.3d 469, 477 (9th Cir. 2016) (en banc)).

We use "a three-step analysis" to determine whether a state conviction qualifies as a controlled substance offense under federal law. *See id.* at 1038. First, we determine whether state law bars "the same amount of or less conduct than" federal law. *Id*. (quoting *United States v. Hernandez*, 769 F.3d 1059, 1062 (9th Cir. 2014)). If so, then the state conviction is a categorical match, and the state conviction is a ground for removability. *See id.* If the state law encompasses more conduct than the federal law, however, we proceed to the second step and determine whether the state law is divisible – i.e., whether the overly broad element sets out alternative means of committing a single crime or alternative elements of committing two or more distinct crimes. *See id.* at 1038-39. At step three, if the statute is divisible, we employ the modified categorical approach, where we may look to documents in the record of conviction, but not the particular facts underlying the conviction, to determine whether the conviction qualifies. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). If the statute is overbroad and not divisible, then the conviction cannot be a ground for removal. *See id.* at 2248-49.

III

4

## A

Applying the first step in this analysis here, we conclude the definition of "methamphetamine" applicable to convictions under California Health & Safety Code §§ 11378 and 11379(a) is broader than the definition of methamphetamine under the federal Controlled Substances Act, 21 U.S.C. § 812. The California definition includes both optical and geometric isomers of methamphetamine, whereas the federal definition includes only optical isomers of methamphetamine. *Compare* Cal. Health & Safety Code § 11033, *with* 21 U.S.C. §§ 802(14), 812 Schedule II(c), Schedule III(a)(3). Accordingly, California law is facially overbroad. *See Martinez-Lopez*, 864 F.3d at 1038.

Because this mismatch between the federal and state statutes is apparent on the face of the statutes, such that no rational interpretation of either statute would reconcile the two, Lorenzo is not required to "point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *see United States v. Vidal*, 504 F.3d 1072, 1082 (9th Cir. 2007) (en banc) ("[W]hen '[t]he state statute's greater breadth is evident from its text,' a defendant may rely on the statutory language to establish the statute as overly inclusive." (citation omitted)); *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc) ("Where, as here, a state statute explicitly defines a crime more broadly than

5

the generic definition, no 'legal imagination,' is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of the crime. The state statute's greater breadth is evident from its text." (citation omitted)), *abrogated on other grounds by United States v. Stitt*, 139 S. Ct. 399 (2018).

In its petition for panel rehearing, the government contends the facial overbreadth in California law is of no significance because geometric isomers of methamphetamine do not in fact exist. The government also asks us to take judicial notice of evidence presented in a different case to support that new assertion. We reject these entreaties. First, "[a]s a general rule, we will not consider issues that a party raises for the first time in a petition for rehearing," *United States v. Mageno*, 786 F.3d 768, 775 (9th Cir. 2015) (quoting *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1397 (9th Cir. 1988)), or during oral argument, *see In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012). Second, our review generally is limited to the information in the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc). The government *could* have raised its argument about theoretical impossibility in this

6

court, but it did not timely do so. We do not foreclose the government from presenting its new argument or new evidence in another case.[2]

B

Turning to the second step in the categorical analysis, we conclude that the methamphetamine element applicable to a conviction under Health & Safety Code §§ 11378 or 11379(a) is not divisible, because the different varieties of methamphetamine covered by California law are alternative means of committing a single crime rather than alternative elements of separate crimes. *See People v. Schroeder*, 70 Cal. Rptr. 491, 499 (Ct. App. 1968) (explaining that possession of different types of the *same* drug – e.g., different types of methamphetamine – "would constitute a single offense" under California law); *see also In re Adams*, 536 P.2d 473, 477 (Cal. 1975) (citing this aspect of *Schroeder* with approval). We therefore do not apply the modified categorical approach. *See Mathis*, 136 S. Ct. at 2248-49.

IV

---

[2] The government's petition for rehearing contends our decision violates the ordinary remand rule, *see INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam), because it finds in the first instance that geometric isomers of methamphetamine do in fact exist. Our decision, however, does not conclude that geometric isomers of methamphetamine exist; it concludes only that the record in this case does not show that they do *not* exist.

7

In sum, Lorenzo's methamphetamine convictions under California Health & Safety Code §§ 11378 and 11379(a) do not qualify as controlled substance offenses under 8 U.S.C. § 1227(a)(2)(B)(i).  Accordingly, Lorenzo is not removable for the reasons stated by the BIA.  Because the IJ and the BIA did not consider whether Lorenzo was removable on the ground that his Health & Safety Code § 11379(a) conviction constitutes an "illicit trafficking in a controlled substance" aggravated felony under 8 U.S.C. §§ 1101(a)(43)(B) and 1227(a)(2)(A)(iii), we do not address that question.  *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").  If the BIA addresses the government's aggravated felony theory on remand, it should consider whether that theory suffers from the same flaw as the government's theory of removability under 8 U.S.C. § 1227(a)(2)(B)(i).

**PETITION GRANTED; REMANDED.**