**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR MANUEL ROCHA-FLORES, AKA Victor Manuel Rocha, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   17-71518 Agency No. A205-536-216 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2019**
San Francisco, California

Before: WALLACE, BEA, and FRIEDLAND, Circuit Judges.

Victor Manuel Rocha-Flores petitions for review of the decision of the Board of

Immigration Appeals (Board) denying his application for cancellation of removal and

request for voluntary departure. We have jurisdiction under 8 U.S.C. § 1252, and we

deny the petition.

Rocha-Flores, a citizen of Mexico, has resided in the United States

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

undocumented since at least 2003. In 2013, he was placed in removal proceedings as an alien present without being admitted or paroled, in which he did not contest removability. Instead, Rocha-Flores applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1) and, in the alternative, requested voluntary departure under 8 U.S.C. § 1229c(b)(1).

In 2014, Rocha-Flores pled guilty to possession of methamphetamine under California Health & Safety Code section 11377(a) (Section 11377(a)). An immigration judge subsequently denied Rocha-Flores's application for cancellation of removal and request for voluntary departure, concluding that Rocha-Flores's conviction under Section 11377(a) barred both forms of relief. Rocha-Flores appealed that ruling to the Board, which dismissed his appeal on the same grounds. Rocha-Flores timely petitioned this court for review. *See* 8 U.S.C. § 1252(b)(1).

We review the Board's determination of purely legal questions de novo, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), including whether a state conviction is an offense with immigration consequences, *see Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1130 (9th Cir. 2016), whether a statute is divisible, *see United States v. Martinez-Lopez*, 864 F.3d 1034, 1039–40 (9th Cir. 2017) (en banc), *cert. denied*, 138 S. Ct. 523 (2017), and determining the elements of a statute of conviction, *Vasquez-Valle v. Sessions*, 899 F.3d 834, 838 (9th Cir. 2018).

To be eligible for cancellation of removal under 8 U.S.C. § 1229b(b) or for voluntary departure under 8 U.S.C. § 1229c(b), Rocha-Flores must establish, *inter alia*,

2

that he has not been convicted of an offense under 8 U.S.C. § 1182(a)(2)(A).[1] An offense under 8 U.S.C. § 1182(a)(2)(A) includes "a violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21) . . . ." *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). Accordingly, the central question on appeal is whether Rocha-Flores's conviction for possession of methamphetamine under Section 11377(a) qualifies as a controlled substance offense under federal law.

To determine whether a state conviction qualifies as a controlled substance offense under federal law, we use "a three-step analysis." *See Martinez-Lopez*, 864 F.3d at 1038. First, we determine whether state law bars "the same amount of or less conduct than" federal law. *Id.*, *quoting United States v. Hernandez*, 769 F.3d 1059, 1062 (9th Cir. 2014). If so, then the state conviction is a "categorical match," and the state conviction is a ground for removability. *See id.* However, if the state law encompasses more conduct than the federal law, it is "overbroad," and we proceed to the second step of determining whether the state law is "divisible"—*i.e.*, whether the overly broad element sets out "alternative means" of committing a single crime or "alternative

---

[1] To be eligible for cancellation of removal, an alien must not have been convicted of an offense under 8 U.S.C. § 1182(a)(2). *See* 8 U.S.C. § 1229b(b)(1)(C). To be eligible for voluntary departure, an alien must have been "a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure." 8 U.S.C. § 1229c(b)(1)(B). As a matter of law, an alien convicted of a crime under 8 U.S.C. § 1182(a)(2)(A) within those five years is not a person of good moral character. *See* 8 U.S.C. § 1101(f)(3) ("No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is, or was . . . a member of one or more of the classes of persons . . . described in" 8 U.S.C. § 1182(a)(2)(A)).

3

elements" of committing two or more distinct crimes. *See id.* at 1038–39. If the statute is overbroad and not divisible, then the conviction cannot be a ground for removal. *See Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016). If the statute is divisible, we proceed to step three and employ the modified categorical approach, where we may look to documents in the record of conviction to determine whether the conviction qualifies. *See id.* at 2249.

Rocha-Flores's sole argument on appeal[2] is that Section 11377(a) is not divisible, and thus the Board erred by applying the modified categorical approach to his conviction when, instead, the agency should have concluded that Section 11377(a) is simply not a "match." Specifically, Rocha-Flores argues that Section 11377(a) is not divisible because the substances on the schedules referenced in Section 11377(a) are not alternative "elements" of the crime of possession, but merely different "means" of committing the offense.

Rocha-Flores's argument is foreclosed by binding precedent in *Coronado v. Holder*, 759 F.3d 977 (9th Cir. 2014), in which we rejected the same argument concerning the same section of the same statute for possession of the same controlled

---

[2] The Government preemptively rebuts an argument Rocha-Flores never raised concerning the overbreadth and divisibility of the definition of methamphetamine and its isomers under California law. However, "because [Rocha-Flores] did not raise [that argument] in his opening brief, we deem those issues waived" and will not consider them. *Rizk v. Holder,* 629 F.3d 1083, 1091 n.3 (9th Cir. 2011); *see also Cerezo v. Mukasey*, 512 F.3d 1163, 1165 n.5 (9th Cir. 2008) (holding that a petitioner waived an argument because the "opening brief does not raise this issue"); *Armentero v. I.N.S.*, 412 F.3d 1088, 1095 (9th Cir. 2005) ("Failure to raise an argument in an opening brief constitutes waiver . . . .").

substance (methamphetamine) in the same context (*i.e.*, a Board decision denying an application for cancellation of removal based on convictions). *See id.* at 982–83. There, we held that Section 11377(a)'s references to various schedules of substances "effectively creates several different . . . crimes" instead of providing separate "means of commission" because each substance is a "potential offense element[]" listed "in the alternative . . . ." *Id.* at 984–85 (citation omitted). We then applied the modified categorical approach to that petitioner's prior Section 11377(a) convictions. *Id.* at 985.

Although Rocha-Flores argues that *Coronado* was "wrongly decided," we are bound by *Coronado* unless it is "clearly irreconcilable" with the reasoning of a "higher court." *See Cardenas-Delgado v. Holder*, 720 F.3d 1111, 1119 (9th Cir. 2013), *citing Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Rocha-Flores argues that *Mathis* compels the conclusion that the modified categorical approach may not be applied to Section 11377(a). In support, Rocha-Flores states that Section 11377(a) does not separately list each of the substances for which it penalizes possession, and instead references different statutes containing schedules of such substances. While this is a correct description of Section 11377(a), *Mathis* does not suggest that this structure is relevant to the divisibility inquiry. Moreover, many other statutes also do not separately list each of the prohibited substances—and we have not held (before or after *Mathis*) that this omission in any way affects the divisibility of the statute. *See, e.g.*, *Martinez-Lopez*, 864 F.3d at 1036–40 (concluding that California Health and Safety Code section 11352, "which—like many California drug statutes—

5

criminalizes a variety of activities related to certain controlled substances identified by reference to other code provisions," is divisible with regard to its controlled substance requirement); *United States v. Murillo-Alvarado*, 876 F.3d 1022, 1026 (9th Cir. 2017) (rejecting argument that "the controlled substance requirement in [California Health and Safety Code] section 11351 is not divisible because the controlled substances enumerated in the cross-referenced statutes are means by which a defendant commits a singular controlled-substance offense, not elements of separate crimes").

Rocha-Flores also alleges that the exact substance involved in a Section 11377(a) conviction is not an "element" because California caselaw and jury instructions do not require the jury to unanimously agree on the substance involved. Were this correct, the conclusion in *Coronado* might have been irreconcilable with the Supreme Court's opinion in *Mathis* because *Mathis* made clear that elements "are what the jury must find beyond a reasonable doubt" to convict the defendant, 136 S. Ct. at 2248. However, none of the authority proffered by Rocha-Flores supports this contention. *See, e.g.*, *Sallas v. Mun. Court*, 150 Cal. Rptr. 543, 544-47 (Ct. App. 1978) (explaining that its holding "goes no further than to declare that the Health and Safety Code section 11550 complaints at issue fall short of compliance with recognized standards of due process of law"). In fact, as we pointed out in *Coronado*, 759 F.3d at 985 n.4, the divisibility of Section 11377(a) is supported by California's jury instructions because the instructions make clear that the jury is required to agree on a particular controlled substance. *See* Judicial Council of California Criminal Jury Instructions (CALCRIM) 2304 ("The

6

defendant is charged [in Count __] with possessing ___ *<insert type of controlled substance>*"); *see id.* ("4A. The controlled substance was *<insert type of controlled substance>*").

In short, Rocha-Flores fails to explain how *Coronado* is "clearly irreconcilable" with *Mathis* or with any other opinion of the Supreme Court or our en banc court. While *Coronado* may have placed an "undue emphasis on the disjunctive-list rationale criticized in *Mathis*," *Martinez-Lopez*, 864 F.3d at 1039, it also included analysis virtually indistinguishable from the analysis employed in *Mathis*. For example, consistent with *Mathis*, *Coronado* held that under the California jury instructions, the "precise controlled substance possessed" is an "essential element" of Section 11377(a), 759 F.3d at 985 n.4, and concluded that the statute's list of different substances "effectively creates several different . . . crimes" instead of merely providing separate "means of commission." *Id.* at 985. At most, *Mathis* "chips away at the theory" behind some of *Coronado*'s analysis, which does not create a "clear[] irreconcilab[ility]" under *Miller. See United States v. Green*, 722 F.3d 1146, 1150 (9th Cir. 2013) (even a Supreme Court decision sending "strong[] signals" that circuit precedent is wrong is insufficient to meet the "clearly irreconcilable" standard).

Because Rocha-Flores's argument is foreclosed by binding precedent, which he has not shown to be clearly irreconcilable with the reasoning of a higher court, Rocha-Flores's petition must be denied.

**PETITION DENIED.**

7