NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISIDRO CARLON-BONILLA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-73101

Agency No. A098-251-511

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2020[**]
Seattle, Washington

Before:  CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,[***] District Judge.

Isidro Carlon-Bonilla petitions for review of the Board of Immigration

Appeals ("BIA") affirmance of an Immigration Judge ("IJ")'s order finding Carlon-

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Bonilla ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1) for having been convicted of an aggravated felony.[1] Carlon-Bonilla was convicted of second degree arson under Wash. Rev. Code § 9A.48.030(1), which criminalizes "knowingly and maliciously caus[ing] a fire or explosion which damages a building . . . ." Carlon-Bonilla contends that his conviction for second degree arson is not an aggravated felony because the Washington statute is not a categorical match to the relevant federal arson statute. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review de novo the legal question whether an offense is an aggravated felony for removal purposes. *See Chavez-Solis v. Lynch*, 803 F.3d 1004, 1006 (9th Cir. 2015). For the reasons set forth below, we deny Carlon-Bonilla's petition for review.

An alien convicted of an "aggregated felony" is ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1). The Immigration and Nationality Act ("INA") defines the term "aggravated felony" to cover, *inter alia*, an offense described in the federal arson statute at 18 U.S.C. § 844(i). *See* 8 U.S.C. § 1101(a)(43)(E)(i). That arson statute criminalizes "maliciously damag[ing] or destroy[ing], or attempt[ing] to damage or destroy, by means of fire or an explosive, any building . . . ." To determine whether second degree arson under the Washington statute is an aggravated felony under the INA, we apply the categorical approach from *Taylor v.*

---

[1] Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

*United States*, 495 U.S. 575 (1990) and its progeny.

Ordinarily, "[a] state statute is a categorical match to the generic federal statute if it proscribes the same amount of or less conduct than the federal statute." *United States v. Hernandez*, 769 F.3d 1059, 1062 (9th Cir. 2014). Even where the state statute "sweeps more broadly than [the] federal statute," it may still be a categorical match where "there is no realistic probability . . . that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* (quoting *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007)).

Carlon-Bonilla argues that the Washington statute sweeps more broadly than the federal statute because the Washington statute requires only a showing of general intent to start a potentially destructive fire while the federal statute requires a showing of specific intent to damage a specific piece of property. **Appellant's Br. at 17.**[2] Therefore, according to Carlon-Bonilla, someone who sets a fire with "the intent to frighten someone, in reckless disregard of the safety of persons and property," would be liable under the Washington statute but not the federal statute in the event that the fire ended up causing property damage. *Id.*

However, every federal appellate court that has construed the federal statute's

---

[2] Carlon-Bonilla also argued before the IJ that the Washington statute is overbroad because it covers certain forms of personal property that are not covered by the federal statute. **AR 55.** Looking to the plain meaning of the federal statute, the IJ rejected that argument, *see id.*, and Carlon-Bonilla declined to raise it on appeal.

*mens rea* element has held that the federal statute does not require a showing of specific intent but instead incorporates the common law understanding of "malice." *See United States v. McBride*, 724 F.3d 754, 759 (7th Cir. 2013); *United States v. Wiktor*, 146 F.3d 815, 818 (10th Cir. 1998) (per curiam); *United States v. Corona*, 108 F.3d 565, 571 (5th Cir. 1997); *United States v. Gullet*, 75 F.3d 941, 948 (4th Cir. 1996); *see also McFadden v. United States*, 814 F.2d 144, 146 (3d Cir. 1987) (construing the functionally identical federal arson statute at 18 U.S.C. § 544(f)). These courts have thus held that the federal statute sweeps in action that is done in willful disregard of the likelihood that property damage would result. *See, e.g., Gullet*, 75 F.3d at 948. We join those courts and so construe 18 U.S.C. § 844(i).

Accordingly, returning to Carlon-Bonilla's example, someone who sets a fire with the intent to frighten someone, in reckless disregard of the safety of persons and property, would be liable under both the Washington statute (for having knowingly and maliciously caused a fire that damaged property) and the federal statute (for having started a fire in willful disregard that property damage would occur). Because Carlon-Bonilla has failed to proffer a realistic hypothetical conviction under the Washington statute that would fall outside the scope of 18 U.S.C. § 844(i), we hold them to be a categorical match.[3]

---

[3] Carlon-Bonilla also complains that the BIA's reasoning was "somewhat misplaced" because it relied on *United States v. Velasquez-Reyes*, 427

4

**PETITION DENIED.**

---

F.3d 1227 (9th Cir. 2005), which did not discuss the federal arson statute at 18 U.S.C. § 844(i) but instead held that the Washington statute is a categorical match to a different federal arson statute at 18 U.S.C. § 81. **Appellant's Br. at 15**. Because we review de novo and now hold that the Washington statute is a categorical match to the federal arson statute at 18 U.S.C. § 844(i), we need not reach the question whether the BIA erred by analogizing to the federal arson statute at 18 U.S.C. § 81.