**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORANGE COUNTY WATER DISTRICT; et al., | No. 21-55778 |
| Plaintiffs-Appellees, | D.C. No. 8:21-cv-01029-SVW-AS |
| v. | |
| 3M COMPANY, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| E. I. DU PONT DE NEMOURS & COMPANY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 15, 2022
Pasadena, California

Before: OWENS and MILLER, Circuit Judges, and CHRISTENSEN,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

Defendant-Appellant 3M Company ("3M") challenges the district court's remanding of this case to California state court on timeliness grounds. We reverse.

We review a district court's decision to remand a removed lawsuit *de novo*. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028 (9th Cir. 2017). In this case, the district court concluded a footnote in 3M's co-defendants' reply brief triggered the 30-day removal deadline imposed by § 1446(b)(3). Assuming, without deciding, that a co-defendant's reply brief is an "other paper" within the meaning of § 1446(b)(3), the reply brief at issue in this case did not make the "ground for removal unequivocally clear and certain," as is necessary to start § 1446(b)(3)'s 30-day removal period. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).[1]

Here, the footnote was not clear and unequivocal about anything, but merely stated that maybe, perhaps, some military installations in the Orange County area are "potential sources of the" environmental contamination at issue. Nothing in

---

[1] We recognize the district court did not have the benefit of our decision in *Dietrich* when it issued its remand order. But this does not foreclose reversal based on *Dietrich*'s reasoning. *See United States v. Hernandez*, 769 F.3d 1059, 1061 (9th Cir. 2014) (per curiam) (reversing because of decision issued after the district court ruling at issue). Moreover, as we pointed out in *Dietrich*, § 1446(b)(3)'s 30-day removal period begins once a basis for removal may be "ascertained," and "ascertained" requires something be found or learned "*with certainty*." 14th F.4th at 1093 (emphasis original). Given this understanding, even without *Dietrich*, the district court wrongly concluded the removability of this case could be ascertained from the footnote at issue.

this footnote drew a causal connection between 3M and the suspected source of the environmental contamination forming the basis of this lawsuit. Without this, the footnote could not have triggered the 30-day removal deadline because it did not clearly and unequivocally apprise 3M of the information necessary to invoke the federal officer removal statute. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citing *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999)).

Perhaps 3M could have filled in the gaps between the footnote and a basis for federal officer removal on its own. But 3M's subjective knowledge, or what it could have possibly uncovered through its own investigation, is immaterial to the removal analysis under § 1446(b)(3). *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The focus is instead on what the four corners of the "other paper" at issue clearly and unequivocally revealed. *Id.*; *Dietrich*, 14 F.4th at 1095. For the reasons stated above, the footnote in the reply brief at issue did not clearly and unequivocally place 3M on notice of the basis for federal officer removal in this case. Accordingly, we must reverse.

As a final matter, we decline 3M's invitation to resolve the issue of whether it has a colorable government contractor defense without the benefit of a district court ruling on the issue. In doing so, we adhere to our general practice of waiting "for the district court to decide [an issue] in the first instance" out of recognition

3

that it is "usually best positioned to apply the law to the record." *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dept. of Health & Human Servs.*, 946 F.3d 1100, 1110–11 (9th Cir. 2020).  The district court shall resolve this issue on remand.

**REVERSED AND REMANDED.**